IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No.  10-cv-001426-LTB

MILTON E. COSBY,

        Plaintiff,
v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

        Defendant.

_____

ORDER
_____

This matter is before me on a motion filed by Plaintiff, Milton E. Cosby, acting *pro se,* in which he seek relief from final judgment in this case, dated September 6, 2011, based on my order affirming the Social Security Administration ("SSA") Commissioner's final decision denying his application for Supplement Security Income ("SSI"), filed pursuant to Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383c.  In this motion, Plaintiff seeks relief based on Fed. R. Civ. P. 60(b)(1), which provides that I may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect."  I note that Plaintiff also relies on 20 C.F.R. § 416.1489(a)(3), which provides that the SSA "will find that there is good cause to reopen a determination or decision if . . . [t]he evidence that was considered in making the determination or decision clearly shows on its face that an error was made."

In my order affirming the denial of Plaintiff's SSI application, I rejected Plaintiff's argument that the Administrative Law Judge ("ALJ") erred when he concluded that Plaintiff's

impairment was not equivalent to a listed impairment (Listing 1.04) deemed to be so severe as to preclude substantial gainful employment. I also rejected Plaintiff's argument that the ALJ erred when assessing his residual functional capacity ("RFC")  by not considering Plaintiff's evidence (his inability to sit, stand or walk for more than 30 minutes and three blocks, his need to ambulate with a cane, and his testimony regarding his limitations) and in evaluating the medical source evidence.  As such, I affirmed the ALJ's denial of Plaintiff's application on the basis that he was not disabled under Social Security Act because he retained the RFC to perform a significant range of work at the light level of exertion, with additional restrictions, which existed in significant numbers in the national economy.  [Doc # 26]

Plaintiff now seeks reconsideration of my ruling on the basis that "the ALJ erred when he did not consider all of the available evidence in the Plaintiff's record" and that the ALJ erred in failing to "fully and fairly develop Plaintiff's record."  In addition, Plaintiff again argues that the ALJ erred in weighing the "treating source" evidence, in determining his credibility, and in assessing his RFC.  [Doc # 28]

I first note, as an initial matter, that Plaintiff's reliance on 20 C.F.R. § 416.1489(a)(3) – which provides the grounds available to the SSA to reopen a decision or determination – is misplaced. Likewise, I reject Plaintiff's argument to the extent that he relies upon language on the SSA Commissioner's Program Operations Manual.  Rather, Fed. R. Civ. P. 60(b) governs reconsideration of my order – specifically, Plaintiff's arguments in his motion which consist of claims of judicial mistake as contemplated by Rule 60(b)(1). As a general proposition, the Rule 60(b)(1) "mistake" provision provides for the reconsideration of judgments only where: (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without

authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order. *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996).

Reconsideration under Rule 60(b) may only be granted in exceptional circumstances. *Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1153 (10th Cir. 2007); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006). And whether to grant a Rule 60(b) motion rests within the trial court's discretion. *Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007). Finally, because Plaintiff is proceeding *pro se*, I liberally construe his motion. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

Even when liberally construed, Plaintiff's motion fails to assert grounds of judicial mistake. Rather, Plaintiff is merely re-arguing the claims he made in his initial appeal of the SSA Commissioner's denial and, as such, is again asking this Court to re-weigh the evidence before the ALJ. Reconsideration under Rule 60(b)(1) is not a tool to rehash previously-presented arguments already considered and rejected by the Court, nor is it to present new arguments based upon law or facts that existed at the time of the original argument. *FDIC v. United Pacific Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir.1998); *Van Skiver v. United States*, 952 F.2d 1241, 1243-44 (10th Cir.1991). A Rule 60(b) motion "is not a substitute for an appeal." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc.*, 909 F.2d 1437, 1440 (10th Cir.1990).

Accordingly, I DENY Plaintiff's "Motion for Relief From a Judgment or Order, Federal Rules of Civil Procedure Rule 60(b)(1): Grounds for Relief From a Final Judgment, Order or Proceeding for: Mistake; Inadvertence; Surprise or Excusable Neglect, and to Revise An

Unfavorable Decision in a Supplemental Security Income Disability Benefits Case for Good Cause 20 CFR Section 416.1489(a)(3): The Evidence that Was Considered in Making the Determination or Decision Clearly Shows on its Face that an Error Was Made." [**Doc # 28**]

Dated: March  12 , 2012 in Denver, Colorado.

                                      BY THE COURT:

                                        s/Lewis T. Babcock
                                      LEWIS T. BABCOCK, JUDGE